# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM E. MAINES,**

      **Plaintiff,**

vs.

      Civil Action 2:14-cv-1221
      Judge Gregory L. Frost
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, William E. Maines, brings this action seeking an Order from the Court remanding his claim to the Commissioner of Social Security ("Commissioner") under the authority of Sentence six, 42 U.S.C. § 405(g) ("Sentence six") or, in the alternative, to vacate the prior determination of the Commissioner and remand this claim for further proceedings under the authority of Sentence Four of 42 U.S.C. § 405(g).  This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 17) and the administrative record (ECF No. 9).  For the reasons that follow, it is **RECOMMENDED** that the Court **REMAND** this case to the Commissioner under Sentence six for consideration of new and material evidence.

## I.  BACKGROUND

Plaintiff protectively filed his applications for Social Security Disability and Supplemental Security Income benefits on July 27, 2011, alleging that he had been disabled since December 12, 2010.[1]  These applications were denied initially and upon reconsideration.

---

[1] At the administrative hearing, Plaintiff amended the alleged onset date of disability to April 13, 2012.  (R. at 27.)

Plaintiff sought a *de novo* hearing before an administrative law judge.

Administrative Law Judge Ena Weathers ("ALJ") held a video hearing on March 11, 2013, at which Plaintiff, represented by counsel, appeared and testified. William Cody, a vocational expert ("VE"), also appeared and testified at the hearing. On March 28, 2013, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12-29.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-7.) The Appeals Council did not consider evidence concerning the time period after the March 28, 2013 decision of the ALJ. (R. at 2.) Plaintiff then timely commenced the instant action.

## II. THE ADMINISTRATIVE DECISION

At step one of the sequential evaluation,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2012, the amended alleged onset date of

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

2

disability.  At step two, the ALJ found that Plaintiff had the following severe impairments during the relevant period: left hand Dupuytren's contractures, lumbar degenerative disc disease with associated hip pain, obesity, a depressive disorder, and anxiety disorder, a history of alcohol abuse; and polysubstance abuse.  (R. at 30.)  The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: [Plaintiff] could frequently climb ramps or stairs, stoop, balance, kneel, crouch, and craw; he could occasionally assist and handle with the left (non-dominant) hand, but he could never climb ladders, ropes, or scaffolds. [Plaintiff] should also avoid all exposure to hazards, including work at unprotected heights, dangerous moving machinery, and commercial driving. Finally, [Plaintiff] is limited to simple and routine tasks.

(R. at 33.)  In formulating this RFC, the ALJ found Plaintiff's allegations concerning both his mental and physical impairments to be less than credible.

The ALJ noted that Plaintiff was born on October 3, 1961 and at the time of the hearing was 50 years old, which is defined as an individual closely approaching advanced age.  (R. at 38.)  She also determined that Plaintiff has a limited education and that his past relevant work is unskilled.  (*Id*.)

Relying on the VE's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the state and national economy.  The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

3

### III.    ANALYSIS

Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted).  The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'  . . .  A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant."

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Plaintiff contends that he is entitled to a remand under Sentence six for consideration of new and material evidence.  The evidence includes, *inter alia*, a record of EMG testing that reveals lumbar spine (L3-L4) radiculapathy; steroid injections with limited relief and that increased Plaintiff's depression; lumbar x-rays showing spur formation with marked narrowing

4

of the L5-S1 interspace; MRI results that a spine surgeon interpreted as "bone-on-bone" contact with herniation; and records related to Plaintiff's spinal surgery.[3]

The Commissioner does not dispute that the records are new.[4] Indeed, none of the

---

[3]Among other records, Plaintiff presents the following new evidence:

- A April 30, 2013, an EMG of the lower extremities indicated electrophysiologic evidence of a left L3-L4 radiculopathy with subacute and chronic features, and electrophysiologic evidence of a mild sensory axonal peripheral neuropathy affecting the lower extremities. (R. at 406.)

- On May 7, 2013, Plaintiff saw Dr. Adesioye. (R. at 401.) Plaintiff reported 4-5 days of relief from a recent epidural steroid injection and that the steroids caused an increase in his depression. On exam Dr. Adesioye noted an antalgic gait, lower lumbar tenderness, positive straight leg raising on the left, and decreased sensation to light touch and pinprick in the anterior aspect of the left thigh. (R. at 403-04.) The assessments were lumbar disc degeneration, lumbar spondylosis, peripheral neuropathy, and lumbar radiculopathy. Dr. Adesioye planned to make a referral to a spinal surgeon. (R. at 403.)

- A May 16, 2013 x-ray of the lumbar spine indicated minimally scattered degenerative changes with spur formation, with marked narrowing of the L5-S1 interspace. (R. at 420.)

- On May 24, 2013, Plaintiff saw spinal surgeon Dr. Smith. (R. at 415.) Dr. Smith indicated his interpretation of the February 6, 2013 MRI of the lumbar spine was that the degenerative disc disease at L5-S1 was causing "bone-on-bone" contact. (R. at 417.) He also noted the left paracentral disc herniation was causing left lateral recess and left foraminal stenosis of a moderate to severe degree. He noted increased fluid within the facet joints as well. On exam Dr. Smith noted decreased sensation in the left L5 dermatome, decreased muscle strength/tone in the left hip flexors, and positive Lasegue/straight leg raise test on the left. (R. at 417-18.) Dr. Smith assessed lumbar neuritis, disc degeneration, radiculopathy, spondylosis, and canal stenosis. (R. at 419.) Dr. Smith prescribed physical therapy. Dr. Smith indicated that Plaintiff's odds of improving with physical therapy were low, and anticipated a surgical procedure–specifically a microdiscectomy at L5-S--would be performed.

- On August 15, 2013, Plaintiff underwent surgery and a left L5-S1 microdiscectomy. (R. at 422.)

[4]In fact, the Commissioner has very little to say on the matter at all. The Commissioner simply argues that Plaintiff failed establish that the ALJ's consideration of the new evidence would have altered her conclusions. (ECF No. 17 at 10.) The Undersigned disagrees.

records were in evidence before the ALJ on March 28, 2013. The Commissioner nevertheless contends that the records are not material or "time-relevant" because they relate to a period after the ALJ's decision.

The Undersigned concludes that the evidence is new and not cumulative of other evidence of record. The evidence puts Plaintiff's complaints of pain and limitations in his lumbar region in a different context than what was before the ALJ.

Moreover, there is a reasonable probability that the ALJ would have disposed of Plaintiff's claim differently had she had the new evidence before her. As such, the records are material. For instance, as Plaintiff points out, the ALJ found that Plaintiff was capable of light work, which requires "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). The ALJ may not have arrived at that conclusion had she had this additional evidence and instead may have limited Plaintiff to sedentary work. Given that Plaintiff is approaching advanced age, has limited or less education and an unskilled work history, Social Security Medical-Vocational Guidelines would have directed a finding of disability if the ALJ had limited Plaintiff's RFC to sedentary work. 20 C.F.R. § 404, App'x 2 to Subpart P. In any event, the ALJ should have the benefit of a complete record concerning an impairment he found to be severe upon which to render his decision regarding Plaintiff's RFC.

Further, the evidence is material in that it affects the ALJ's adverse credibility determinations. By way of example, in assessing Plaintiff's credibility regarding his assertions of disabling pain in his back, the ALJ relied in part on the lack of significant findings on physical examination. (R. at 35.) After the hearing, as the new evidence reflects, Dr. Adesioye noted an antalgic gait, lower lumbar tenderness, positive straight leg raising on the left, and decreased

6

sensation to light touch and pinprick in the anterior aspect of the left thigh. (R. at 403-04). Plaintiff's spinal surgeon also noted decreased sensation in the left L5 dermatome, decreased muscle strength/tone in the left hip flexors, and positive Lasegue/straight leg raise test on the left. (R. at 417-18). This new evidence impacts the ALJ's conclusion that Plaintiff's credibility should be discounted because the record contained limited findings on physical examination.

The ALJ also discounted Plaintiff's credibility regarding pain because, in her view, he received inconsistent and only conservative treatment. The ALJ also arrived at her conclusions because the MRI testing was unconvincing and Plaintiff had not received any EMG testing. (R. at 35.) The new evidence is material in that all of these conclusions are undermined by the fact that Plaintiff received EMG testing, was referred for spinal surgery and within less than 5 months from the ALJ's decision, and underwent spinal surgery.[5]

Finally, Plaintiff has demonstrated good cause for the failure to acquire and present the evidence during the hearing before the ALJ. The evidence was not in existence at the time of the hearing, but related to Plaintiff's severe lumbar impairment. Plaintiff points out that he only recently obtained insurance and finally began treating with a specialist. Through no fault of his own, Plaintiff did not receive the treatment he apparently needed for his back.

The Undersigned emphasizes that in issuing a Sentence six remand:

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding.

---

[5]The Court notes that no evidence suggests that Plaintiff experienced any type of injury or acute worsening of his low back impairment in the few months after the administrative hearing.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Upon remand, the Commissioner is free to weigh the new evidence as he or she sees fit and to decide whether or not to modify the findings.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **REMAND** this case to the Commissioner under Sentence six for consideration of new and material evidence.

## V. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendations, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  August 12, 2015	/s/ *Elizabeth A. Preston Deavers*
	Elizabeth A. Preston Deavers
	United States Magistrate Judge